**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

MICHAEL SCOFIELD, individually and on behalf of all others similarly situated,

*Plaintiff*,

*v.*

1-800-HANSONS, LLC,

*Defendant.*

Case No. 1:26-cv-4183

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the

Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Michael Scofield ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the TCPA alleging that 1-800-HANSONS, LLC ("Defendant") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent and by making telemarketing calls without complying with the TCPA's caller ID requirements.

## PARTIES

4. Plaintiff is a natural person residing within this District.

5. Defendant is a limited liability company headquartered in Troy, Oakland County, Michigan.

**JURISDICTION & VENUE**

6. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

7. The Court has specific personal jurisdiction over Defendant and venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the calls to the Plaintiff were sent into this District.

**THE TELEPHONE CONSUMER PROTECTION ACT**

8. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private

right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.

12. The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

13. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

14. There is no consent defense to 47 C.F.R. § 64.1601(e)(1).

15. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

**FACTUAL ALLEGATIONS**

16. Plaintiff is, and at all times mentioned herein was, a natural person.

17. Plaintiff's telephone number, (970) XXX-XXXX, is a non-commercial cellular telephone number not associated with any business.

18. Plaintiff uses the telephone number for personal, residential, and household purposes.

19. Plaintiff's number has been listed on the National Do Not Call Registry since 2004.

20. Plaintiff has never been a customer of Defendant's.

21. Beginning on or about June 20, 2026, Plaintiff began receiving unsolicited text message calls and telephone calls promoting home improvement and window replacement services from Defendant.

22. On June 20, 2026, Plaintiff received two unsolicited text message calls from telephone number (888) 904-8425.

23. On June 21, 2026, Plaintiff received an additional unsolicited text message call from the same telephone number.

24. On June 22, 2026, Plaintiff received two additional unsolicited text messages from the same telephone number.

25. Screenshots of the text messages are provided below:


8:53
34
(888) 904-8425
Michael, this is Taylor from HANSONS. I received your request for a quote on your home improvement project. What times work best for you today and tomorrow for us to come out and and give you a free estimate?
STOP = End
4:10 PM
HANSONS
GET IT DONE
4:10 PM
Michael, this is Taylor with HANSONS again. Thanks for reaching out about your home improvement project. We have some great promotions running this week. Can I get a free estimate started for you?
Type message

8:53

(888) 904-8425

improvement project. What times work best for you today and tomorrow for us to come out and and give you a free estimate?

STOP = End

4:10 PM

HANSONS

GET IT DONE

4:10 PM

Michael, this is Taylor with HANSONS again. Thanks for reaching out about your home improvement project. We have some great promotions running this week. Can I get a free estimate started for you?

STOP = End

6:11 PM

Type message


9:56
Interview
80
(888) 904-8425
HANSONS again. Thanks for reaching out about your home improvement project. We have some great promotions running this week. Can I get a free estimate started for you?
STOP = End
Sat, 6:11 PM
Michael, we'd love to get you more information on your home improvement project. Do you have any questions I can answer?
STOP = End
Sun, 8:03 AM
Michael, this is Taylor from HANSONS. I just wanted to follow up on your home improvement project. We have teams in your area this week, and I can get you a great price. What are you looking to get done?
STOP = End
8:03 AM
Type message


10:09
Interview
76
(888) 904-8425
Sat, 6:11 PM
Michael, we'd love to get you more information on your home improvement project. Do you have any questions I can answer?
STOP = End
Sun, 8:03 AM
Michael, this is Taylor from HANSONS. I just wanted to follow up on your home improvement project. We have teams in your area this week, and I can get you a great price. What are you looking to get done?
STOP = End
8:03 AM
Michael, checking on your home improvement request. What projects can we help with today?
STOP = End
10:04 AM
Type message

26. On June 22, 2026, Plaintiff also received unsolicited telephone calls from (720) 943-5525 and (970) 345-3616.

27. On June 23, 2026, Plaintiff received three more text message calls:







28. Each call displayed “1 800 HANSONS” as the caller identification.

29. Later that same day, Plaintiff received another telephone call from (720) 763-9316 displaying “1 800 HANSONS” as the caller identification.

30. Plaintiff answered the call.

31. During the call, the caller identified himself as “Mark from Hansons Paramount Builders” and stated that he was following up regarding an online inquiry.

32. Plaintiff had never submitted any such inquiry.

33. During the same conversation, the caller acknowledged that Plaintiff’s telephone number “should never have come up” because Defendant no longer serviced the Denver, Colorado market before terminating the call.

34. Immediately following the call, Plaintiff returned the telephone call and spoke with a representative who identified the company as Hansons.

35. The representative confirmed that Defendant is headquartered in Troy, Michigan, and had recently ceased servicing the Denver market.

36. Plaintiff then visited Defendant’s official website and called the customer service number published there, (855) 369-2931.

37. A representative again confirmed that Defendant is headquartered in Troy, Michigan, and no longer services the Denver area.

38. Later that same day, Plaintiff returned to Defendant’s website and observed that the published contact number had been changed to (844) 504-3089.

39. Plaintiff called the newly published number, proceeded through the same automated system, and spoke with another representative who again confirmed that Defendant’s principal office is located in Troy, Michigan.

40. As part of Plaintiff's investigation, Plaintiff reviewed archived versions of Defendant's website through the Internet Archive's Wayback Machine.

41. Plaintiff observed that an archived version of Defendant's website dated March 4, 2026, displayed a different published contact number, (888) 497-8910, demonstrating that Defendant has used multiple publicly advertised telephone numbers during the relevant time period.

42. The calls and text messages received by Plaintiff were sent for the purpose of advertising Defendant's goods and services and encouraging Plaintiff to purchase home improvement products and services from Defendant.

43. The calls were unwanted.

44. The calls constituted repeated, nonconsensual intrusions upon Plaintiff's cellular telephone.

45. The calls occupied Plaintiff's phone storage and bandwidth and disrupted Plaintiff's daily activities.

46. Plaintiff found the calls frustrating, annoying, and intrusive.

47. The calls invaded Plaintiff's privacy and interfered with the use and enjoyment of his cellular telephone.

48. Defendant benefitted from the calls by promoting sales, advertising products, and driving consumer engagement.

49. Plaintiff was harmed by Defendant's conduct because the calls were frustrating, annoying, and intrusive, invaded Plaintiff's privacy, occupied his cellular telephone's storage and bandwidth, disrupted his daily activities, and interfered with the use and enjoyment of his cellular telephone.

## CLASS ACTION STATEMENT

50. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

51. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2).

52. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

53. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

54. Excluded from the Class are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

55. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

56. This Class Action Complaint seeks injunctive relief and money damages.

57. The Class as defined above, is identifiable through Defendant's dialer records, other phone records, and phone number databases.

58. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

59. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

60. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

61. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

62. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. Whether Defendant's conduct constitutes a violation of the TCPA; and

c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

63. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

64. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other

members of the Class, and have the financial resources to do so.

65. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or any of their agents or vendors.

66. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

67. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

68. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

69. The foregoing acts and omissions of Defendant and/or any of its affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

70. Defendant's violations were negligent, willful, or knowing.

71. As a result of Defendant's and/or any of its affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

72. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class or other Classes as the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and

appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Attorneys' fees and costs, as permitted by law; and

E. Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

RESPECTFULLY SUBMITTED AND DATED this 7th day of September, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com